UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

CIVIL CASE NO. 23-26-DLB-CJS

STELLA WILEY                                                                                           PLAINTIFF

v.                         **MEMORANDUM OPINION AND ORDER**

ZEGARY ALLEN, M.D., et al.                                                                DEFENDANTS

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court upon the Motion for Partial Judgment on the Pleadings filed by Defendants Zegary Allen, M.D. ("Dr. Allen"); Summit Medical Group, Inc. d/b/a St. Elizabeth Physicians ("SEP"); and Saint Elizabeth Medical Center, Inc. ("SEMC" and, together with Dr. Allen and SEP, "Defendants"). (Doc. # 7). Plaintiff Stella Wiley ("Wiley") filed a Response (Doc. # 10), Defendants filed a Reply (Doc. # 12), and the Motion is now ripe for review. For the reasons stated herein, Defendants' Motion for Partial Judgment on the Pleadings (Doc. # 7) is **granted in part** and **denied in part.**

I.     **FACTUAL AND PROCEDURAL BACKGROUND**

This matter stems from Dr. Allen's performance of laser eye surgeries on his patients. (Doc. # 1 at 4). SEP is a Kentucky corporation which operates SEMC, a business with medical facilities in Kenton County, Kentucky and Boone County, Kentucky. (*Id*. at 2). Dr. Allen, an Ohio resident and domiciliary, is an employee of SEP and performs eye surgeries at SEMC. (*Id*. at 3-4).

Plaintiff alleges that Dr. Allen has been performing unnecessary eye surgeries on patients from approximately March 2018 to the present. (*Id*. at 4). Relevant to the instant

Motion is the selective laser trabeculoplasty Dr. Allen performed on Wiley, a Kentucky resident and domiciliary. (*Id.* at 2, 7). Wiley first visited Dr. Allen on September 10, 2021, during which visit her "vision was [allegedly] good." (*Id.* at 7). During this visit, Dr. Allen measured the intraocular pressures ("IOPs") in Wiley's eyes. (*Id.*). According to the Complaint, the "real" IOPs in both of Wiley's eyes during the September 10, 2021 visit were at or below 21, which is "[t]he normal range . . . ." (*Id.*). Wiley again saw Dr. Allen on December 13, 2021. (*Id.*). This visit revealed that the IOPs in Wiley's eyes had not reduced since the prior visit but were both still at or below 21. (*Id.*). Although Dr. Allen and Wiley discussed treatment options, Dr. Allen allegedly "only told [Wiley] about [a potential surgery] and that no other options were discussed," such as further monitoring or the use of eye drops. (*Id.*). Dr. Allen allegedly told Wiley that she risked permanent blindness if she did not undergo laser surgery. (*Id.*).

On January 7, 2022, Dr. Allen performed laser surgery on Wiley's right eye. (*Id.*). On February 15, 2022, Wiley returned to Dr. Allen for a four-week post operation checkup. (*Id.*). The checkup revealed that the IOPs in both of Wiley's eyes had reduced since the surgery and were both below 21. (*Id.*). According to Wiley, selective laser trabeculoplasty is a treatment for glaucoma. (*Id.* at 8). Wiley submits that she never was diagnosed with glaucoma. (*Id.*).

On February 17, 2023, Wiley initiated this action by filing her Complaint asserting diversity jurisdiction under 28 U.S.C. § 1332. (Doc. # 1 at 3). Wiley brings various claims on behalf of herself and other similarly situated plaintiffs, although she is the only named plaintiff. (*Id.* at 8-25). Wiley asserts claims of negligence, lack of informed consent, fraud, violation of the Kentucky Consumer Protection Act ("KCPA"), and negligence per se

2

against all Defendants.  (*Id*.).  Wiley also asserts a battery claim against Dr. Allen and vicarious liability claims against SEP and SEMC.  (*Id*.).  Additionally, Wiley requests that the case be certified as a class action under Rule 23 of the Federal Rules of Civil Procedure.  (*Id*. at 24).

Defendants have now moved for a partial judgment on the pleadings dismissing Wiley's claims except for the fraud, KCPA, and vicarious liability claims.  (Doc. # 7).  Wiley responded (Doc. # 10), Defendants replied (Doc. # 12), and the Motion for Partial Judgment on the Pleadings is now ripe for review.

## II.  DISCUSSION

### A.   Standard of Review

Defendants move for partial judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.  (Doc. # 7).  The standard of review for a Rule 12(c) motion is the same as a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief may be granted.  *Roth v. Guzman*, 650 F.3d 603, 605 (6th Cir. 2011); *Mixon v. Ohio*, 193 F.3d 389, 399-400 (6th Cir. 1999).  A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint.  *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996).  As the Supreme Court explained, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  This "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Id*.  (quotations omitted).

When considering a Rule 12 motion, a district court "must construe the complaint in a light most favorable to the plaintiff, accept all of the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Hooker v. Anderson*, 12 F. App'x 323, 325 (6th Cir. 2001) (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). However, this assumption of truth does not extend to "legal conclusions or unwarranted factual inferences." *JPMorgan Chase Bank N.A. v. Winget*, 510 F.3d 577, 581-82 (citation and internal quotation marks omitted). The court should grant a Rule 12(c) motion "when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Id.* at 582.

Federal courts apply the substantive law of the forum state in diversity actions. *See City of Wyandotte v. Consol. Rail Corp.*, 262 F.3d 581, 585 (6th Cir. 2001) (citing *Hanover Ins. Co. v. Am. Eng'g Co.*, 33 F.3d 727, 730 (6th Cir. 1994)). Therefore, Kentucky substantive law will apply to Wiley's claims. That said, federal pleading standards still control. *See Lee v. Vand. Univ.*, 2023 WL 4188341, at *3 (6th Cir. June 22, 2023) (citing *Wilkey v. Hull*, 366 F. App'x 634, 637 (6th Cir. 2010)); *see also Red Hed Oil, Inc. v. H.T. Hackney Co.*, 292 F.Supp.3d 764, 771-72 (E.D. Ky. 2017).

### B. Analysis

Defendants make two arguments in their Motion for Partial Judgment on the Pleadings. (Doc. # 7). First, Defendants argue that Wiley's claims of negligence, lack of informed consent, and battery are barred by the applicable statute of limitations. (Doc. # 7-1 at 3-5). Second, Defendants argue that Wiley fails to adequately plead her claims of negligence per se. (*Id.* at 5-6). Although the first argument fails at this procedural posture,

4

the second argument is meritorious.  The Court will address the arguments in turn.

### 1. The Court Cannot Determine Whether Wiley's Negligence, Lack of Informed Consent, and Battery Claims are Time-Barred at this Procedural Posture

"The statute of limitations is an affirmative defense, and a plaintiff generally need not plead the lack of affirmative defenses to state a valid claim." *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012) (internal citations omitted).  A Rule 12 motion is therefore "generally an inappropriate vehicle for dismissing a claim based upon the statute of limitations." *Id.*; *see also United States v. Carell*, 681 F.Supp.2d 874, 877 (M.D. Tenn. 2009).  However, an "obligation to plead facts in avoidance of [a] statute of limitations defense is triggered . . . [if] 'it is apparent from the face of the complaint that the time limit for bringing the claim[s] has passed.'" *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 520 (6th Cir. 2008) (quoting *Hoover v. Langston Equip. Assocs., Inc.*, 958 F.2d 742, 744 (6th Cir. 1992)).  "Only when 'the allegations in the complaint affirmatively show that the claim is time-barred' is dismissal appropriate under [Rule 12]." *Nelson v. Tenn. Coll. of Applied Tech.*, 2023 WL 3294710, at *1 (6th Cir. May 3, 2023) (quoting *Cataldo*, 676 F.3d at 547).

Wiley's negligence, lack of informed consent, and battery claims are each subject to a one-year statute of limitations which began to run once the claims accrued.  *See* KRS § 413.140(1)(a), (e).  According to Defendants, these claims each accrued on January 7, 2022, which is the date of Wiley's surgery.  (Doc. # 7-1 at 4).  Defendants further argue that the statute of limitations on these claims began to run one day later on January 8, 2022, and expired one year after that on January 9, 2023.  (*Id.* at 4-5).  Wiley did not initiate this action until February 17, 2023—39 days after January 9, 2023—and

5

Defendants accordingly argue that the relevant claims are each time-barred. (*Id*. at 5). In response, Wiley does not dispute that the one-year statute of limitations applies to these claims. (Doc. # 10 at 3). Instead, she asserts that the relevant claims are subject to the discovery rule and that the statute of limitations began to run when she "discovered that her . . . surgery was unnecessary," which did not happen "until the end of October 2022." (*Id*. at 3-4).

"[U]nder the discovery rule, for certain suits the limitations period begins to run 'on the date of the discovery of the injury, or from the date it should, in the exercise of ordinary care and diligence, have been discovered.'" *Cutter v. Ethicon, Inc.*, 2021 WL 3754245, at *3 (6th Cir. 2021) (quoting *Wiseman v. Alliant Hosps., Inc.*, 37 S.W.3d 709, 712 (Ky. 2000). When the discovery rule applies, the limitations period is triggered when the plaintiff knows or should have known (1) that he or she was injured and (2) that the injury may have been caused by the defendant's conduct. *Id.* (quoting *Hazel v. General Motors Corp.*, 863 F.Supp.435, 438 (W.D. Ky. 1994)). This occurs when a plaintiff has "knowledge that [her or she] has been wronged," not "knowledge that the wrong is actionable." *Vannoy v. Milum*, 171 S.W.3d 745, 749 (Ky. Ct. App. Aug. 26, 2005).

Although the "discovery rule originated in the medical malpractice context, and was codified by [KRS § 413.140(1)(e)] for such claims in 1974, . . . [i]t has since been extended at common law to certain other suits . . . where the injury was of an inherently unknowable nature." *Cutter*, 2021 WL 3754245, at *3 (internal quotations and citations omitted). The applicability of the discovery rule depends on the character of the plaintiff's injury, not on the label of the cause of action. *Id.* (collecting cases).

6

Wiley's claims of negligence and lack of informed consent are subject to the discovery rule by statute. KRS § 413.140(1)(e), (2) (stating negligence or malpractice claims brought against a physician or hospital accrue "at the time the injury is first discovered or in the exercise of reasonable care could have been discovered . . . ."); *see also Brown v. Trover*, 2016 WL 100311, at *10 (Ky. Ct. App. Jan. 8, 2016) (citing *Keel v. St. Elizabeth Med. Ctr.*, 842 S.W.2d 860, 862-63 (Ky. 1992)) (lack of informed consent subsumed into medical negligence claim). Whether Wiley's battery claim is also subject to the discovery rule, however, is initially not as clear. Her battery claim could be construed as a personal injury claim which is not statutorily subject to the discovery rule. *See* KRS § 413.140(1)(a). A personal injury claim accrues on the date that the alleged incident occurred. *Dunn v. Felty*, 226 S.W.3d 68, 74 (Ky. 2007); *see also Sullivan v. Unidentified Emp.*, 2021 WL 6882417, at *2 (W.D. Ky. July 8, 2021); *Almon v. Kilgore*, 2019 WL 1179387, at *3 (E.D. Ky. Mar. 13, 2019).

However, the Court concludes that Wiley's battery claim is subject to the discovery rule. As discussed above, the applicability of the discovery rule turns on the character of the plaintiff's injury, and not on the label given to a claim. *Cutter*, 2021 WL 3754245, at *3. In her Complaint, Wiley alleges that:

> Dr. Allen committed battery against Plaintiffs by performing eye surgeries that were unnecessary and contraindicated for Plaintiffs' medical conditions, and for which Plaintiffs did not properly give informed consent. Plaintiffs would not have agreed to the medical treatment had they known the treatment was improper for their conditions and not medically necessary.

(Doc. # 1 at 9). Wiley's battery claim thus implicates—and depends on—Dr. Wiley's professional judgment. In *Andrew v. Begley*, the Kentucky Court of Appeals noted that:

7

> [i]n Kentucky, under certain factual circumstances, a claim of battery may arise in addition to a claim for medical malpractice. An action for battery is different from a negligence action for medical malpractice because the claim depends on neither professional judgment nor the physician's surgical skill.

203 S.W.3d 165, 171 (Ky. Ct. App. 2006) (internal quotation marks and citations omitted). The court ultimately concluded that "[the plaintiff's] claim for battery is really a claim for medical malpractice because it depend[ed] on [the physician's] professional judgment." *Id*. at 171-72. Consistent with *Andrew*, the Court concludes that Wiley's battery claim is really for medical malpractice which is statutorily subject to the discovery rule pursuant to KRS § 413.140(1)(e) and (2).

Having determined that the discovery rule applies to Wiley's claims of negligence, lack of informed consent, and battery, the Court cannot determine at this juncture whether the claims are time-barred. "It is well-established that the discovery rule ordinarily raises issues of fact as to whether a plaintiff should have known of a claim for relief, and whether a plaintiff exercised reasonable diligence, prohibiting resolution of the issue on either a motion to dismiss or motion for summary judgment." *Gilmore v. Davis*, 185 F. App'x 476, 483 (6th Cir. 2006) (internal quotation marks omitted); *see also 3M Co. v. Engle*, 328 S.W.3d 184, 189 (Ky. 2010) ("When a plaintiff is put on notice of his injury is a question of fact for the jury.").

For these reasons, the Motion for Partial Judgment on the Pleadings (Doc. # 7) will be **denied** as to Wiley's claims of negligence, lack of informed consent, and battery.

### 2. Wiley Fails to State a Negligence Per Se Claim

"A negligence per se claim is a negligence claim where a statutory standard of care is substituted for the common-law standard of care." *Blessing v. Cable News Network, Inc.*, 2020 WL 7647530, at *9 n.10 (E.D. Ky. Dec. 23, 2020) (citing *Pile v. City*

8

*of Brandenburg*, 215 S.W.3d 36, 41 (Ky. 2005). Under Kentucky law, a plaintiff asserting a negligence per se claim must prove the following elements: "(1) that the underlying statute is criminal in nature without an inclusive civil remedy; (2) that the plaintiff is within the class of persons the statute is intended to protect; and (3) that the plaintiff's injury is the type of injury the statute was designed to prevent." *Blessing*, 2020 WL 7647530, at *9 n.10 (citing *Hickey v. Gen. Elec. Co.*, 539 S.W.3d 19, 23-24 (Ky. 2018)).

In support of her negligence per se claims, Wiley merely recites the above elements and states that "Defendants' actions constituted negligence per se as they are facial violations of existing law[s] and regulations." (Doc. # 1 at 12-13, 18-19, and 23-24). This is insufficient. *See Dukes v. Mid-Eastern Athletic Conf.*, 213 F.Supp.3d 887, 893 (W.D. Ky. 2016) (plaintiff did not state a plausible negligence per se claim where she "d[id] not identify any Kentucky statute or law that [the defendant] violated . . . ."). Without knowing which statutes Defendants allegedly violated, the Court cannot determine whether Wiley adequately pled any of the elements of negligence per se.

Moreover, Wiley appears to have waived any defense as to this claim. Defendants expressly argued in the Motion for Partial Judgment on the Pleadings that Wiley failed to adequately plead negligence per se. (Doc. # 7-1 at 7-8). Wiley did not address Defendants' argument or reference the claim at all in her Reply. (*See* Doc. # 10). "When a party fails to a respond to a motion or argument therein, the Sixth Circuit has held that the lack of response is grounds for the district court to assume opposition to the motion is waived, and grant the motion." *Ctr. for Biological Diversity v. Rural Utils. Serv.*, 2009 WL 3241607, at *3 (E.D. Ky. Oct. 2, 2009) (citing *Humphrey v. U.S. Att'y Gen.'s Off.*, 279 F. App'x 328, 331 (6th Cir. 2008)). The Court assumes that Wiley concedes this issue.

For these reasons, the Motion for Partial Judgment on the Pleadings (Doc. # 7) will be **granted** as to Wiley's negligence per se claims.

### C.    Leave to Amend the Complaint

At the end of her Response, Wiley requests that "[i]f the Court were to find [her] Complaint was improperly pled or insufficient in some respect [that it] afford her an opportunity, after reviewing the Court's opinion, to amend and correct the error." (Doc. # 10 at 4). While it is true that Rule 15 requires that permission to amend be given "freely," a party must first request leave. Fed. R. Civ. P. 15. In the Sixth Circuit, that process is a formal motion to amend, and in the absence of such a motion the court presumes that leave to amend has not been requested at all. *See Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 551-52 (6th Cir. 2008) (upholding the district court's decision not to grant leave to amend where the plaintiff failed to formally move to amend despite being on notice that her complaint was subject to a Rule 12 motion); *Forrester v. Am. Sec. & Prot. Serv. LLC*, 2022 WL 1514905, at *4 (6th Cir. May 13, 2022) ("Forrester never filed a formal motion despite having ample time (over six months) to do so.").

Wiley has not formally moved to amend the Complaint, and in the absence of such a motion, the Court will not take up the issue.

### III.    CONCLUSION

Thus, for the reasons set forth herein, **IT IS ORDERED** that Defendants' Motion for Partial Judgment on the Pleadings (Doc. # 7) is **GRANTED** as to the negligence per se claims in Plaintiff Stella Wiley's Complaint (Doc. # 1) and **DENIED** as to the negligence, lack of informed consent, and battery claims in Plaintiff Stella Wiley's Complaint (Doc. # 1).

10

This 19th day of October, 2023.



Signed By:
*David L. Bunning* DB
United States District Judge

K:\DATA\ORDERS\Cov2023\23-26 MOO on Partial MJOP.docx